FILED
U.S. DISTRICT COURT

2007 APR 13  P 1: 35

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SEYED AMIR ADABKHAH,<br><br>Plaintiff,<br><br>vs.<br><br>ALBERTO R. GONZALES, MICHAEL CHERTOFF, ALFONSO AGUILAR, ROBERT S. MUELLER, III,<br><br>Defendants. | **ORDER GRANTING DEFENDANTS' MOTION TO REMAND**<br><br><br>Case No. 2:06-CV-1038 |

In February 2003, petitioner Seyed Amir Adabkhah filed an application for naturalization with the United States Citizenship and Immigration Services (USCIS). USCIS personnel conducted an initial interview with him in either December 2003, or January 2004,[1] and the agency submitted Adabkhah's application to the FBI for a name check. Adabkhah's name check is still pending within the FBI system. Naturalization determinations necessarily implicate concerns for national security and public safety. In light of this, the court finds USCIS is best-suited to make a decision on Mr. Adabkhah's application. The court, therefore, remands this determination to USCIS.

---

[1] Although the parties cite to different dates for the initial interview, this minor discrepancy plays no role in the court's decision in this case.

## BACKGROUND

Petitioner Seyed Amir Adabkhah filed an application for naturalization with USCIS on or around February 6, 2003. USCIS personnel interviewed Mr. Adabkhah in Salt Lake City on December 4, 2003, or January 7, 2004. USCIS conducted various security and background checks on Mr. Adabkhah to assess his eligibility for citizenship and to assess the risk he posed to national security and public safety. Specifically, USCIS conducted (1) a check of Department of Homeland Security records, (2) an FBI criminal history check based on fingerprints, and (3) a check against the Interagency Border Inspection System (IBIS). USCIS also requested that the FBI check Mr. Adabkhah's name against various FBI investigative databases that expose information not revealed by IBIS or the FBI's fingerprint check.[2] The FBI, on January 15, 2007, reaffirmed to USCIS that Adabkhah's name check was still pending within its system. Although more than 120 days have passed since Mr. Adabkhah's initial interview, USCIS has issued no decision on his application.

Because USCIS failed to issue a decision within this 120-day time frame, Mr. Adabkhah petitioned this court for a determination of his naturalization application. In the alternative to a judicial determination of his naturalization, Mr. Adabkhah asks the court to remand the determination to USCIS. On February 16, 2007, the defendants moved the court to remand the matter to USCIS or to stay this case pending completion of Mr. Adabkhah's background checks.

## DISCUSSION

Naturalization determinations are sensitive decisions that may directly implicate the

---

[2] In their memorandum supporting their motion for remand, defendants note that "USCIS submitted [Adabkhah's application] to the FBI for a name check on February 13, 2003." Defs.' Mem. Supp. Mot. to Remand, 2 (Docket No. 9).

safety of the public and of the nation as a whole. Despite USCIS's delay, therefore, the court deems it wise to remand to USCIS the determination of Mr. Adabkhah's application.

Before approving a naturalization application, USCIS completes a comprehensive security and background check. This check is meant to ensure the applicant alien is eligible for naturalization and poses no risk to national security.[3] USCIS notifies applicants of their initial examinations after the USCIS receives a favorable response on each component inquiry of the background check performed.[4] USCIS must render a decision on the application within 120 days of the initial examination.[5] If USCIS fails to adjudicate an application within 120 days of the examination, the applicant can request that a district court hear the issue.[6] In such a circumstance, the district court has jurisdiction to either remand or to determine the matter.[7]

As a general rule, courts should remand cases to agencies to decide matters that statutes place before the agencies.[8] With regard to naturalization specifically, USCIS "should be given the opportunity to decide applications for naturalization in the first instance" because it "ha[s] a great deal more expertise than the Court in both (i) identifying the potentially problematic information that has been uncovered in a background check, and (ii) following up to determine whether this information truly reflects legitimate national security or public safety concerns, or

---

[3] *See* 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1; Appropriations Act, 111 Stat. 2440, 2448–49 (1997).

[4] *See* 8 C.F.R. § 335.2(b).

[5] *See id.* § 335.3(a).

[6] 8 U.S.C. § 1447(b).

[7] *Id.*

[8] *INS v. Ventura*, 537 U.S. 12, 16 (2002).

instead is merely a 'false positive.'"[9] This preference for remand, therefore, "has obvious importance in the immigration context."[10]

This approach is even more justified because remanding the case is consistent with the relief Mr. Adabkhah himself requested. However, Mr. Adabkhah also requested the court to instruct USCIS that it must issue a decision within fifteen days.[11] The court understands this request to reflect Mr. Adabkhah's concern about interminable delays, especially since, in possible violation of agency regulations, USCIS has already failed to adjudicate Mr. Adabkhah's naturalization application within 120 days of his initial examination. As much as the court would like to see a decision made within two weeks of remand, the practicalities of the situation dictate a longer time limit. Consequently, in order to allow Mr. Adabkhah to seek further relief in the event of an unreasonable delay, the court dismisses Mr. Adabkhah's petition without prejudice to its refiling if USCIS has not issued a decision with regard to his naturalization within the shorter of 120 days of the date of this order or 45 days after receipt of the name check results.

## CONCLUSION

The court GRANTS the defendants' motion to remand the proceedings to USCIS (#8). However, the resulting dismissal of Mr. Adabkhah's petition is without prejudice to the filing of another petition if USCIS has not issued a decision with regard to Mr. Adabkhah's naturalization application within the shorter of 120 days of the date of this order or 45 days after receipt of the name check results.

---

[9] *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 842, 844 (E.D. Mich. 2006).

[10] *Ventura*, 537 U.S. at 16–17.

[11] Pl.'s Mem. Opp. Mot. to Remand, 12 (Docket No. 10).

The Clerk's Office is directed to close the case.

DATED this 13th day of April, 2007.

BY THE COURT:

Paul G. Cassell
United States District Judge